UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DALE SOBEK and SEEMA BHAGAT,

               Plaintiffs,

  - against -

JOSEPH QUATTROCHI, CARDINAL CAPITAL
MANAGEMENT, INC., R&M CAPITAL PARTNERS,
INC., POWER2SHIP, INC., and MADISON
STOCK TRANSFER, INC.,

               Defendants.

------------------------------------------X



03 Civ. 10219 (RWS)

MEMORANDUM OPINION

**Sweet, D.J.,**

      Defendant Madison Stock Transfer, Inc. ("Madison") has moved pursuant to Rule 56, Fed. R. Civ. P., for summary judgment dismissing the complaint of plaintiffs Dale Sobek ("Sobek") and Seema Bhagatt ("Bhagatt"). The motion is opposed by Sobek. For the reasons set forth below, the motion of Madison is granted.

## Prior Proceedings

      The complaint in this action was filed on December 24, 2003. By opinion of December 8, 2004 (the "December Opinion") the motion of defendants Cardinal Management, Inc. ("Cardinal") and Power 2 Ship, Inc. ("P2S") to dismiss the complaint was granted, and plaintiffs were granted leave to file an amended complaint.

      The amended complaint ("AC") alleges causes of action arising from transactions between Sobek and Bhagatt and defendant

Joseph Quattrochi ("Quattrochi") on behalf of Cardinal and R&M Capital Partners, Inc. ("R&M") whereby Sobek allegedly purchased 240,000 shares of Jaguar Investments, Inc. ("Jaguar"), later known as P2S. (AC ¶¶ 10-23).

The AC alleged a cause of action for a RICO violation (AC ¶¶ 24-36), fraudulent inducement (AC ¶¶ 37-62), breach of contract (AC ¶¶ 63-73), breach of a covenant of good faith and fair dealing (AC ¶¶ 74-79), breach of fiduciary duty (AC ¶¶ 80-83), unjust enrichment (AC ¶¶ 84-89), and conversion (AC ¶¶ 90-96).

Discovery proceeded and the instant motion was heard on February 1, 2006.

**The Facts**

The parties have failed to comply with the requirements of Local Civil Rule 56.1 in varying degrees. The facts are gleaned from their statements and are not in dispute except as noted.

Sobek has alleged that he was granted collateral in the form of 500,000 shares of Jaguar held by R&M and that Madison improperly transferred these shares to R&M upon the request of R&M on the basis of a lost stock certificate.

According to Madison's unrebutted statement, there was no contract or communication between Sobek and Madison prior to this litigation, and Madison is a stock transfer agent without prior knowledge of Sobek and his claim.

**The Motion For Summary Judgment Is Granted**

The RICO cause of action is dismissed for the reasons set forth in the December Opinion.

In the absence of any identified fraudulent statement by Madison on which Sobek relied, the fraudulent inducement claim is dismissed.

In the absence of any contract between Sobek and Madison, the contract claim is dismissed, as is the breach of a covenant of good faith and fair dealing, no special relationship having been established.

In the absence of any Sobek specification of enrichment by Madison, the unjust enrichment claim is dismissed.

Finally, Sobek has failed to establish ownership of the R&M shares at issue, either by possession or upon the books of Jaguar. The conversion claim against Madison is therefore dismissed.

## Conclusion

The motion of Madison for summary judgment is granted and the complaint against it is dismissed with costs.

Submit judgment on notice.

It is so ordered.

New York, NY
June 6, 2006

_____
ROBERT W. SWEET
U.S.D.J.