UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
DALE SOBEK

            Plaintiff,

            -against-

JOSEPH QUATTROCHI, CARDINAL CAPITAL
MANAGEMENT, INC., R&M CAPITAL PARTNERS,
INC., POWER2SHIP, INC., and MADISON
STOCK TRANSFER, INC.,

            Defendants.
----------------------------------------x

**MEMORANDUM OPINION**

03 Civ. 10219 (RWS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/06

Sweet, D.J.,

      Plaintiff Dale Sobek ("Sobek") has moved pursuant to Local Civil Rule 6.3 for reconsideration of this Court's opinion dated June 6, 2006 (the "June 6 Opinion"), which granted summary judgment to Defendant Madison Stock Transfer, Inc. ("Madison") and ordered that Plaintiff pay costs to Defendant, familiarity with which is assumed. Defendant has cross-moved for sanctions pursuant to Fed. R. Civ. P. 11 and for attorneys' fees pursuant to 28 U.S.C. § 1927. For the reasons set forth below, Plaintiff's motion for reconsideration is denied and Defendant's motion for sanctions and for attorney's fees is denied.

      Local Civil Rule 6.3 for the Southern District of New

1

York provides that parties may file motions for reconsideration of the court's decisions, accompanied by a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." To be entitled to reconsideration, the movant must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion that might have altered the result reached by the Court. See Ameritrust Co. Nat'l Ass'n v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); East Coast Novelty Co. v. City of New York, 141 F.R.D. 245, 245 (S.D.N.Y. 1992).

It is well established that a motion for reconsideration is not the proper avenue for the submission of new material. See Local Rule 6.3; First American Corp. v. Price Waterhouse LLP, No. M8-85 (RWS), 1999 U.S. Dist. LEXIS 3059, 1999 WL 148460 *3 (S.D.N.Y. Mar. 18, 1999). A party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991); see Kara Holding Corp. v. Getty Petroleum Mktg., Inc., No. 99 CV. 0275 (RWS), 2005 U.S. Dist. LEXIS 257, 2005 WL 53266, *1 (S.D.N.Y. Jan. 10, 2005) (citing Houbigant, Inc. v. ACB Mercantile, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)). Indeed, new material submitted to the Court should be stricken and disregarded. See Quartararo v. Catterson, 73 F. Supp.

2

2d 270, 273 (E.D.N.Y. 1999).

Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001).

Sobek seeks reconsideration of the June 6 Opinion to the extent that it ordered him to pay costs to Defendant. Specifically, he argues that the Court's decision to impose costs was based upon the erroneous conclusion that there is no evidence to support the contention that Sobek owned the stock in question. In support of this contention, Sobek has submitted a copy of Stock Certificate 10166, representing 150,000 shares of Jaguar Investments, Inc., in the name of Dale Sobek and Seema Bhagat (Exhibit B to Notice of Motion).

As stated above, a party seeking reconsideration is not permitted to submit new material or new evidence. A review of the papers submitted by Plaintiff in opposition to Defendant's motion for summary judgment indicates that the stock certificate now submitted in support of reconsideration was not submitted on the summary judgment motion. Therefore, in accordance with Local Rule 6.3., it is concluded that grounds for reconsideration have not

been presented, and Plaintiff's motion is denied.

To the extent that Plaintiff seeks clarification of the costs imposed per the Court's ruling, it bears noting that Fed. R. Civ. P. 68 does not apply to judgments rendered in favor of a defendant. See Delta Airlines v. August, 450 U.S. 346, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981); Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 52 n.1 (S.D.N.Y. 1994). As such, the costs imposed are limited to those recoverable under 28 U.S.C. § 1920.

In addition to costs, Defendant has moved for attorney's fees, pursuant to 28 U.S.C. § 1927. 28 U.S.C. § 1927 provides, in relevant part, that:

> Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions under 1927 can be imposed exclusively against the offending attorneys, not their clients, and "bad faith is the key element in the imposition of § 1927 sanctions. . . ." Wood v. Brosse U.S.A., Inc., 149 F.R.D. 44, 48 (S.D.N.Y. 1993); see also First Interregional Equity Corp. v. Haughton, 1994 U.S. Dist. LEXIS

4

9477, 1994 WL 364038, at *4 (S.D.N.Y. July 13, 1994) ("Imposition of sanctions under Section 1927 is highly unusual and requires a clear showing of bad faith") (quoting West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1092 (2d Cir. 1971)).

Defendant contends that attorney's fees should be imposed pursuant to Section 1927 on the grounds that Plaintiff allegedly: (1) made claims that had no basis in the law; (2) made claims that had no basis in the facts; and (3) made repeated attempts to subterfuge this Court. Even assuming Defendant's allegations to be true, such conduct does not rise to the level of bad faith necessary to impose sanctions under Section 1927. "Bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) (quoting Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996)). Accordingly, the imposition of sanctions under Section 1927 is not warranted and Defendant's motion is denied.

Defendant has also moved for sanctions pursuant to Fed. R. Civ. P. 11(b)(1). A sanction under Rule 11(b) may not be imposed for failure to make reasonable inquiry "unless a particular allegation is utterly lacking in support." O'Brien v. Alexander,

5

101 F.3d 1479, 1489 (2d Cir. 1996). This Court previously addressed an application by Defendant for sanctions upon Plaintiff, which was denied. In any event, it is concluded that grounds warranting Rule 11 sanctions have not been presented and this motion is denied.

   It is so ordered.

**New York, NY**
**August   10  , 2006**

                 _____
                 ROBERT W. SWEET
                   U.S.D.J.